## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

VANCELLE T. BYRD, #312822,

        Petitioner,

v.                                      ACTION NO.
                                          2:05cv603

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Vancelle T. Byrd ("Byrd") was convicted in the Norfolk Circuit Court of burglary, four counts of robbery, four counts of abduction and eight counts of use of a firearm, and was sentenced to a term of sixty years imprisonment.

Byrd's direct appeal of his convictions to the Virginia Court of Appeals was granted in part and denied in part on April 7, 2003.  A three-judge panel of the Virginia Court of Appeals then affirmed his conviction on December 30, 2003.  The Virginia Supreme Court refused Byrd's petition

for appeal on July 15, 2004.  On December 13, 2004, Byrd filed a habeas petition in the Norfolk

Circuit Court, which was dismissed on March 23, 2005.  He then filed a habeas petition with the

Virginia Supreme Court, which was refused on August 22, 2005.

Byrd, presently in the custody of the Virginia Department of Corrections at the Sussex One

State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 on October 13, 2005.  On December 2, 2005, respondent filed a Rule 5 Answer and Motion

to Dismiss. Byrd filed a response to the Motion to Dismiss on December 21, 2005.

### B. **Grounds Alleged**

Byrd asserts the following entitle him to relief under 28 U.S.C. § 2254:

(A)    that he was denied effective assistance of counsel due to his
counsel's failure to:

    (i)    challenge the identification of Byrd by
Vernice Vaughn;

    (ii)    investigate the relationship between the co-
defendant and the victims;

    (iii)    investigate language used by the co-defendant;

    (iv)    investigate the high speed chase;

    (v)    inform the jury that petitioner did not know
the co-defendant;

(B)    and, that Petitioner's due process rights were violated when
he was brought back to the scene of the crime in a show-up
and identified by Vernice Vaughn.

2

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also  Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Byrd's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Byrd's Grounds (A) and (B) meet the exhaustion requirement.

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

---

[1]   The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

3

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

Ground (A), alleged above as entitling Byrd to relief, was previously asserted to the Virginia Supreme Court in his habeas petition. The Virginia Supreme Court denied Ground (A) on August 22, 2005. Accordingly, this claim has been exhausted and is ripe for federal review.

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). In order to recommend granting Byrd relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of Byrd's claims was an unreasonable application of Strickland. Strickland requires the Virginia Supreme Court to analyze Byrd's claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) Byrd's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable  professional assistance." Id. at 689.

Examining Bryd's Ground (A)(i) through the Strickland paradigm, this Court finds that Byrd was not denied the effective assistance of counsel due to his counsel's failure to challenge Vanice Vaughn's identification.  The defense had no reasonable challenge to the identification of Byrd by witness Vanice Vaughn; show-ups have been upheld by the Virginia Supreme Court.  <u>Satcher v. Commonwealth</u>, 421 S.E.2d 821, 841 (1992).  Thus the first prong of the Strickland test - the competence prong - fails.  <u>Strickland</u>, 466 U.S. at 689-91.  Strickland requires that both prongs be fulfilled in order for an ineffective assistance of counsel claim to be tenable.  In this case, the first prong is absent, and there is thus no need to examine the second prong, the prejudice test.  Therefore, petitioner's Ground (A)(i) should be DENIED.

In Grounds (A)(ii), (A)(iii) and (A)(iv) Byrd asserts that his attorney fell below the requisite level of competency because he failed to investigate the relationship between Byrd's co-defendant and the victims, the co-defendant's use of the word "bitch" during the robbery, and the high-speed chase the co-defendant led police on after the robbery.  None of these allegations are prejudicial as required under Strickland.  "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Strickland</u> at 687.  Given the fact that Byrd was convicted by extensive evidence against him, including an eye-witness identification and physical evidence from the crime scene close to his person when he was apprehended, the presence of the above-mentioned pieces of evidence did not have a prejudicial effect upon the ultimate outcome of his trial.  This Court therefore DENIES Grounds (A)(ii)-(A)(iv).

In Ground (A)(v) Byrd asserts that his attorney was ineffective because he failed to argue at trial that Byrd did not know his co-defendant.  However, Byrd's attorney could not present such evidence because neither Byrd nor his co-defendant testified at trial.  There was no avenue by which

5

Byrd's attorney could have raised that argument or presented evidence related to this assertion. Based upon the fact that the attorney was unable to present such information, this Court finds that the performance prong of the Strickland test is unsatisfied and that ground is therefore DENIED.

In sum, none of the claims raised in claims (a)(i) through (a)(v) satisfy the Court that counsel's representation fell below the range of competence expected of other criminal defense attorneys or that his actions otherwise prejudiced the petitioner in violation of <u>Strickland v. Washington</u>, 466 U.S. 688 (1984).

Byrd's Ground (B) was raised in his direct appeal to the Virginia Court of Appeals and the Virginia Supreme Court, but was rejected by those courts based upon a state procedural rule.  The Virginia Court of Appeals refused to consider these claims because they were not raised during Byrd's trial.  Therefore, the claims were barred by Rule 5A:18 of the Rules of the Supreme Court of Virginia, providing that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The lower court found the record did not reflect any reason to invoke the good cause or ends of justice exceptions to the rule.  That decision was unaltered by the Virginia Supreme Court on July 15, 2004.

Clearly the state courts' refusal to hear these claims rested squarely on the state procedural bar provided in the Virginia Code.  There was no interweaving of any federal law within Virginia's refusal to consider Byrd's claims.  The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule.

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice apparent to this Court. Therefore, this Court cannot now review claims which were procedurally defaulted at trial. This Court recommends denying Byrd's Ground (B).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Byrd's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Byrd's Ground (A) should be DENIED because none of the instances cited in his petition for habeas corpus rise to the level of inadequate assistance of counsel under Strickland.

Byrd's Ground (B) should be DENIED because it was procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Byrd has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days

permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____

Tommy E. Miller

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 19, 2006

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Vancelle T. Byrd, #312822
Sussex I State Prison
24414 Musslewhite Drive
Waverly, VA 23890


Eugene P. Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


Fernando Galindo, Acting Clerk


By _____
       Deputy Clerk
          , 2006

9